UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY S. BAKER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 4:13 CV 1334 RWS |
| | ) |
| TISHAURA O. JONES, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM AND ORDER**

    Plaintiffs are former employees of the Treasure's Office of the City of St. Louis. Defendant Tishaura O. Jones is the Treasurer of the City of St. Louis. Each Plaintiffs' employment in the Treasurer's Office was terminated on the same day when their positions were eliminated. Plaintiffs filed this suit against Jones, in her official capacity, alleging that their termination violated a city ordinance and violated Plaintiffs' First and Fourteenth Amendment rights.[1] Jones has filed a motion to dismiss and for a more definite statement which Plaintiffs oppose. Because Plaintiffs have failed to state a claim based on the city ordinance, I will grant Jones' motion to dismiss that claim. I will deny Jones' motion for a more definite statement regarding Plaintiffs' First Amendment claims.

    *Legal Standard*

    In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

---

[1] I note that in their papers relating to the motion to dismiss, the parties argue over whether Plaintiffs' have asserted a claim for wrongful discharge for a violation of public policy in their complaint. That claim is not asserted in the complaint.

face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

Plaintiffs were all employees of the Office of the Treasurer in the City of St. Louis. Plaintiffs held the following positions:

> Anthony Baker - Assistant Treasurer - Development and Facilities Services / Parking Superintendent;
>
> Thomas Stoff - Assistant Treasurer - Parking Service Operation and Legislative Affairs / Parking Superintendent;
>
> Andrea Broussard - Administrative Assistant to the Treasurer; and
>
> Aubrey Morrison - Administrative Assistant to the Director of Administrative Services / Novatime Technician.

On November 6, 2012, Defendant Tishaura Jones was elected Treasurer for the City of St. Louis.  As Treasurer, Jones also serves as the supervisor of parking meters for the Parking Division for the City of St. Louis.  Following her election Jones reviewed the positions and salaries in the Treasurer's Office.  She determined that Plaintiffs' positions should be eliminated allegedly to promote efficiency, transparency, and accountability.  On January 17, 2013, Jones eliminated each Plaintiffs' position and terminated their employment.

Plaintiffs' assert in Court I of their complaint that their discharge violated City of St. Louis Ordinance No. 69196.  In Count II, Plaintiffs assert their termination violated their rights under the First and Fourteenth Amendments of the United States Constitution.  Jones has filed a motion to dismiss Count I and a motion for a more definite statement regarding the First

Amendment claim in Count II.

*Ordinance No. 69196*[2]

Plaintiffs assert that the elimination of their positions violated Ordinance No. 69196.  The Ordinance establishes position classifications and pay grades for Parking Division employees of the Treasurer's Office.  Nothing in the Ordinance creates a right to employment nor does it provide a cause of action to a former employee whose position has been eliminated.  As a result, I will grant Jones' motion to dismiss that claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

*First Amendment Violation*

Plaintiffs allege in their complaint that during the primary election for Treasurer, they supported a candidate other than Jones.  Plaintiffs assert that Jones' decision to eliminate their jobs was in response to Plaintiffs' political activities.  They allege that Jones eliminated their jobs in retaliation for expressing and acting upon their political views which violated Plaintiffs' First Amendment rights to free speech and assembly (made applicable to state actors through the Fourteenth Amendment).

Jones moves for a more definite statement of this claim asking Plaintiffs to clarify, among other issue, which candidates Plaintiffs' supported in the primary elections.  I find that Plaintiffs' allegations are sufficient to allow Jones to respond to the complaint.  Plaintiffs' complaint alleges that their termination was in retaliation for exercising their rights under the First Amendment. The notice "pleading standard used in federal courts rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002).  The specific information Jones

---

[2] In her reply brief, Defendant Jones has filed a copy of a certified copy of this ordinance. Her counsel retains the original document.  A certified copy of an ordinance may be received as evidence "in all courts and places in this state, without further proof."  § 490.240 RSMo

seeks regarding Plaintiffs' claims can be obtained through the discovery process.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss as to Count I, the ordinance violation [#7], is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant's motion for a more definite statement as to Count II, the First Amendment claim [#7], is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant shall file a response to Plaintiffs' First Amendment claim no later than **December 11, 2013**.

                                                  RODNEY W. SIPPEL
                                                  UNITED STATES DISTRICT JUDGE

Dated this 25th day of December, 2013.